**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MAURER RIDES USA, INC.; MAURER SOHNE; MAUERER RIDES; ZAMPERLA, INC.; and ZAMPERLA SPA,

    Plaintiffs,

vs.                              Case No. 6:10-cv-1718-Orl-37KRS

BEIJING SHIBAOLIA AMUSEMENT EQUIPMENT CO., LTD.; BEIJING ZHONGLI WEIYE AMUSEMENT EQUIPMENT CO., LTD.; GOLDEN HORSE AMUSEMENT EQUIPMENT CO., LTD.; BEIJING TONGJUNWEIDA PLAY EQUIPMENT, CO., LTD.; and BEIJING JIUHUA AMUSEMENT RIDES MANUFACTURING CO., LTD.,

    Defendants.

**ORDER**

    This cause is before the Court on the Magistrate Judge's Report and Recommendation (Doc No. 47), entered May 30, 2012, which recommends granting in part Plaintiffs' Motions for Final Default Judgment against Defendants Beijing Tongjunweida Play Equipment, Co., Ltd., Golden Horse Amusement Equipment Co., Ltd., and Beijing Jiuhua Amusement Rides Manufacturing Co., Ltd.  More specifically, the Magistrate Judge recommends that this Court find such Defendants liable for a violation of each Count of the Amended Complaint and grant leave to Plaintiffs to file evidence or request a hearing on the issue of damages.  No objections have been filed

and the time to file such an objection has passed.[1]

The Court has conducted an independent examination of the record. For the reasons stated in the Magistrate Judge's Report and Recommendation, the Court determines that the Motion for Final Default Judgment (Doc. No. 34) is due to be granted in part and denied in part. To the extent the Motions seek entry of default judgment for the Plaintiffs Zamperla, Inc. and Zamperla, SpA's claims of unfair competition under the Lanham Act and Florida law (Count I and Count II), common law trademark infringement (Count III) and Florida Deceptive and Unfair Trade Practices Act (Count IV) against Defendants Golden Horse Amusement Equipment Co., Ltd., Beijing Jiuhua Amusement Rides Manufacturing Co., Ltd., and Beijing Tongjunweida Play Equipment Co., Ltd. for trade dress violations in connection with the Zamperla Plaintiffs' "Jump Around," "Flying Tigers," "Taga J," "Disk'O," "Power Surge," "SkyDrop," "Moto Coaster," and "Flying Carousel" rides, the Motions are granted.

The Court also finds, as recommended by the Magistrate Judge, that the Zamperla Plaintiffs are entitled to reasonable attorney's fees and costs pursuant to 15 U.S.C. §1117(a) of the Lanham Act., which they shall apply for in accordance with Local Rule 4.18 following the entry of judgment.

The Court will issue a permanent injunction by separate order.

The Magistrate Judge also recommended that this Court allow Plaintiffs a reasonable amount of time to file evidence or request a hearing on actual damages. Plaintiffs have moved for a hearing on damages. (Doc. No. 48.) The Court hereby refers the Motion and the issue of damages to the Magistrate Judge for a report and recommendation. The Court will withhold directing the Clerk to enter final judgment until

---

[1] Plaintiffs moved for a hearing on the issue of damages. (*See* Doc. No. 48.)

the issue of damages is resolved.

In all other respects, the Motions are denied.

Accordingly, it is hereby **ORDERED**:

1. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc 47) is **ADOPTED** as the opinion of the Court to the extent indicated in this Order.

2. The Motions (Doc. Nos. 34, 37) are **GRANTED IN PART** and **DENIED IN PART**. The Court will grant a permanent injunction by separate order.

3. The Court hereby **REFERS** the Motion at docket number 48 to the assigned United States Magistrate Judge for preparation of a Report and Recommendation regarding an appropriate resolution of the issue of damages.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 26, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:

counsel of record